IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tracy Mack<br>　　　　Debtor<br><br>PENNSYLVANIA HOUSING FINANCE AGENCY<br>　　　　Movant<br>vs.<br><br>Tracy Mack<br>　　　　Debtor<br><br>Scott F. Waterman, Esquire<br>　　　　Trustee | CHAPTER 13<br><br><br>NO. 19-17096 AMC<br><br><br><br><br>11 U.S.C. Section 362 |

**STIPULATION**

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$10,055.40,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2019 to September 2020 at $882.64/month |
| Late Charges: | December 2019 to September 2020 at $19.82/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$10,055.40** |

2. The Debtor(s) shall cure said arrearages in the following manner;

　　a)　With regards to the regular monthly mortgage payments beginning October 1, 2020, Debtor and Secured Creditor have agreed to a forbearance agreement for the payments due for the months of September 2020 through February 2021 which may be subject to extension upon mutual agreement or applicable law. Upon the expiration of the forbearance period on February 28, 2021, or as may be extended, Debtor shall make arrangements with Secured Creditor to address the payments covered by the forbearance period along with the above-listed arrears.

　　b)　Regular payments shall resume on March 1, 2021 or upon the expiration of the forbearance period, whichever is later.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. If the parties do not reach an agreement regarding the payments covered by the forbearance period along with the current post-petition arrears within thirty (30) days of the expiration of the initial or extended forbearance period, or if any of the regular monthly mortgage payments the come due after the expiration of the forbearance period are not made within thirty (30) days of the date said payment is due, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 24, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: October 1, 2020

*Sharon S Masters*
Sharon S. Masters, Esquire
Attorney for Debtor

Date: _____

William C. Miller, Esquire  Scott F. Waterman
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

**Date: October 13, 2020**

_____
Bankruptcy Judge
Ashely M. Chan