United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                          Case No. 19-17096-amc

Tracy Mack                                                      Chapter 13
      Debtor(s)

# CERTIFICATE OF NOTICE

District/off: 0313-2                     User: Antoinett                        Page 1 of 1
Date Rcvd: Oct 13, 2020                  Form ID: pdf900                        Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol**      **Definition**
+               Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 15, 2020:**

**Recip ID**              **Recipient Name and Address**
db                    +   Tracy Mack, 783 EdgeHill Road, Glenside, PA 19038-3819

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 15, 2020                 Signature:        /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 13, 2020 at the address(es) listed below:**

**Name**                      **Email Address**

REBECCA ANN SOLARZ
                              on behalf of Creditor Pennsylvania Housing Finance Agency bkgroup@kmllawgroup.com

SCOTT F. WATERMAN (Chapter 13)
                              ECFMail@ReadingCh13.com

SHARON S. MASTERS
                              on behalf of Debtor Tracy Mack shmasters@hotmail.com  G65312@notify.cincompass.com

United States Trustee
                              USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tracy Mack | CHAPTER 13 |
| _Debtor_ | |
| PENNSYLVANIA HOUSING FINANCE AGENCY | |
| _Movant_ | |
| vs. | NO. 19-17096 AMC |
| Tracy Mack | |
| _Debtor_ | |
| Scott F. Waterman, Esquire | 11 U.S.C. Section 362 |
| _Trustee_ | |

### STIPULATION

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$10,055.40,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2019 to September 2020 at $882.64/month |
| Late Charges: | December 2019 to September 2020 at $19.82/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$10,055.40** |

2.      The Debtor(s) shall cure said arrearages in the following manner;

a)      With regards to the regular monthly mortgage payments beginning October 1, 2020, Debtor and Secured Creditor have agreed to a forbearance agreement for the payments due for the months of September 2020 through February 2021 which may be subject to extension upon mutual agreement or applicable law.  Upon the expiration of the forbearance period on February 28, 2021, or as may be extended, Debtor shall make arrangements with Secured Creditor to address the payments covered by the forbearance period along with the above-listed arrears.

b)      Regular payments shall resume on March 1, 2021 or upon the expiration of the forbearance period, whichever is later.

3.      Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.      If the parties do not reach an agreement regarding the payments covered by the forbearance period along with the current post-petition arrears within thirty (30) days of the expiration of the initial or extended forbearance period, or if any of the regular monthly mortgage payments the come due after the expiration of the forbearance period are not made within thirty (30) days of the date said payment is due, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived .

6.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.


Date:    September 24, 2020                    By: /s/ Rebecca A. Solarz, Esquire
                                              Attorney for Movant


Date: October 1, 2020                         Sharon S Masters
                                              Sharon S. Masters, Esquire
                                              Attorney for Debtor


Date:                                         William C. Miller, Esquire   Scott F. Waterman
                                              Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2020.  However, the court retains
discretion regarding entry of any further order.

**Date: October 13, 2020**

_____
Bankruptcy Judge
Ashely M. Chan